UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANTHONY BARELA,

      Plaintiff

vs.                                                      Civil No. 10-352 RB/RHS

THE FIRST JUDICIAL DISTRICT COURT;
JUDGE DANIEL SANCHEZ, in his individual
and judicial capacities; JOHN DUHIGG, in his
individual and professional capacities,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court, *sua sponte*, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, on pro se Plaintiff Anthony Barela's civil-rights complaint and on Plaintiff's *Motion for Appointment of Counsel* (Doc. 5). For the reasons set forth below, Plaintiff's claims will be dismissed and Plaintiff's motion is denied as moot.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

In 2005, Plaintiff Barela was a passenger in a vehicle involved in a rollover crash. *See* Doc. 2 ¶¶ 1 and 2, at 2. In January 2006, Barela hired Defendant John Duhigg, a New Mexico attorney, to represent him with regard to the accident. *See id.* ¶ 4. Barela signed a contingency agreement with Duhigg that entitled Duhigg to reasonable compensation if the representation was terminated. *See id.* ¶¶ 4 and 5, at 2-3. Through Duhigg, as counsel, Barela filed a lawsuit in the First Judicial District Court on July 13, 2006. The Honorable Daniel Sanchez, former District Court Judge for the First Judicial District in New Mexico, was assigned to the case. *See id.* ¶¶ 6 and 7, at 3. Duhigg and Barela had disagreements and their relationship terminated. *See id.* ¶ 8, at 3. Duhigg filed a

1

motion for withdrawal and for reasonable attorney's fees with regard to the time he spent on the matter. *See id.* ¶ 7, at 3. At the hearing, Barela testified that the hourly rate charged by Duhigg was excessive, and he requested that the fee dispute be referred to arbitration. *See id.* ¶ 9, at 3. On April 16, 2007, the Court entered an order allowing Duhigg to file an attorney-fee lien against Barela. *See id.* ¶ 8 at 3. That same day, Barela filed a motion to "release his file and refer the fee lien matter to arbitration." *See id.* ¶ 10, at 3. Judge Sanchez denied the request for arbitration. *See id.* But, on May 19, 2009, the Court ordered Duhigg to produce and provide to Barela his complete file, along with an itemization of the time spent on "each & every item claimed as work, and specify the person(s) or paralegal that completed the work." *Id.* ¶ 12, at 4. Plaintiff continued to litigate and settle his accident lawsuit as a pro se plaintiff. *See id.* ¶ 11, at 3. Duhigg did not comply with the May 19 Order. *Id.* ¶ 12, at 4. Barela then filed a motion for relief from judgment for fraud and repeatedly requested a hearing, which the Court denied. *See id.* ¶¶ 13 and 14, at 4. Barela asserts that, between January and September 2009, "Duhigg had exparte communication with the Court," *id.* ¶ 15 a), at 4, and Judge Sanchez "acted in favor of Duhigg based on false information to the detriment of Barela," *id.* ¶ 15 f), at 3. Judge Sanchez set a hearing on July 28, 2010, "then failed to reschedule it without explanation to Barela." *Id.* ¶ 15 h), at 4. Also, "Duhigg mailed Judge Sanchez written communication falsely misrepresenting that Barela was stalking him." *Id.* ¶ 15 i), at 4. Nonetheless, "Judge Sanchez continued working in favor of Duhigg when he knew he should recuse himself." *Id.* ¶ 15 j), at 4. Additionally, "[t]he First Judicial Court and Judge Sanchez delayed sending notices of hearing to Barela, did not provide enough postage resulting in delay, misdirected notice of hearing by placing the wrong address, [and] failed to mail a copy of the notice when Barela requested a copy." *Id.* ¶ 15 k), at 5.

On April 13, 2010, Barela filed his three-count *Civil Rights Complaint Pursuant to 42 U.S.C.*

*§ 1983*, in which he alleges that all Defendants were state actors. Doc. 2 ¶ 18, at 6. Under Count 1 of the Complaint, Barela asserts a violation of 42 U.S.C. § 1983 and contends that "[t]he court ignored [his] motion and did not allow [him] a hearing," the only explanation for which would be that "the court was discriminating against" him "because he was Pro Se and because he has a disability." Doc. 2 ¶¶ 20 and 21, at 6. Barela asserts that "[b]y depriving [him] of his rights to equal protection and affording only Duhigg his rights to equal protection, the Court insinuated itself into the conspiracy and metamorphosed the individual actors into State actors." Doc. 2 ¶ 22, at 6. He argues that "acting under color of law" the Defendants sought and obtained court orders based on misrepresentations and violated his Constitutional rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. *See id.* ¶ 23, at 6. Additionally, he alleges that "as a result of Defendants' concerted, unlawful, malicious conduct and malicious abuse of process, [he] was deprived of his rights to equal protection of all the laws and to due process of law, of his right to to [sic] hearing and his property, and the due course of justice was impeded, in violation of the Fourth, Fifth, and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. sec. 1983." *See id.* ¶ 24, at 7. Barela contends that he "was harmed, has incurred considerable debt which would not otherwise have been incurred, and has suffered the loss of confidence in and feelings of betrayal by the justice system, shock, and emotional scarring, all compensable as emotional distress, and other damages." *See id.* ¶ 26, at 7.

Barela asserts, in Count 2 of his Complaint, a violation of 42 U.S.C. § 1985. He asserts that the Defendants conspired to allow Duhigg to defraud him. *See id.* ¶ 28, at 7. He argues that the first step of the act occurred when Judge Sanchez denied him arbitration and that the Court then became involved by "sabatoging [sic] notices to [him] in effort to confuse [him] and provide advantage to Duhigg." *See id.* ¶ 28-29, at 7. Barela contends that by denying him a hearing regarding Duhigg's

bill, the state court intentionally conspired to allow Duhigg to defraud Barela. *See id.* ¶ 31, at 8.

Count 3 of Barela's Complaint contends that Duhigg's failure to comply with the state-court order of May 19, 2009 "provided discovery that a fraud had been committed against" Barela and that the state court's failure to set a hearing on Barela's motion for relief from judgment for fraud "confirmed a concerted and orchestrated effort to defraud" him. *See id.* ¶ 36, at 8 and 9.

## II.   DISCUSSION

### A.   Failure to State a Claim

The Court may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009). In reviewing a plaintiff's pro se complaint, the court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Title 42 U.S.C. § 1983 provides:

> Every *person* who, under color of any statute, ordinance, regulation custom, or usage of any State . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be

granted unless a declaratory decree was violated or declaratory relief was unavailable. (emphasis added).

Other laws and statutes limit against whom a § 1983 claim may be filed. The Eleventh Amendment of the United States Constitution bars a suit for damages in federal court against a state, its agencies, and its officers acting in their official capacities, even when the action is brought under § 1983. *See* U.S. Const. amend XI ("The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989) (holding that "Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties"); *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) (holding that "absent waiver by the State . . . , the Eleventh Amendment bars a damages action against a State in federal court."); *Rozek v. Topolnicki, Jr.*, 865 F.2d 1154, 1158 (10th Cir. 1989) (holding that Eleventh Amendment barred suit for damages under § 1983 against state entities, including the Colorado Office of the District Attorney). Neither the state, nor a governmental entity that is an arm of the state for Eleventh Amendment purposes, nor a state official who acts in his or her official capacity is a "person" within the meaning of § 1983. *See Will*, 491 U.S. at 71. Similarly, a state court is not a "person" under § 1983. *See*, *e.g.*, *Coopersmith v. Supreme Ct. of Colo.*, 465 F.2d 993, 994 (10th Cir. 1972) (holding that a complaint failed to satisfy rule 8(a)(2) when it named the Supreme Court of Colorado, Court of Appeals State of Colorado, District Court, Grand County, State of Colorado, and Colorado Bar Association, a corporation, as the defendants for an action under the Civil Rights Act, 42 U.S.C. §§ 1983, 1985, and 1986, because those defendants are not persons as contemplated within those statutes). Because a state court does

not qualify as a "person" under the civil-rights statutes, claims against the First Judicial District Court will be dismissed with prejudice.

Judges in their official capacities are also not persons under § 1983. *See Will*, 491 U.S. at 71 & n. 10. Judge Sanchez, and, generally, all judges, are absolutely immune from suit for their judicial acts in connection with proceedings under § 1983. *See, e.g., Doran v. Sanchez,* No. 08-2042*,* 2008 WL 3851843 at *1 (10th Cir. August 19, 2008) ("Judge Sanchez was acting in his judicial capacity in presiding over the [New Mexico] state court case, and those actions are entitled to absolute immunity even when 'alleged to have been done maliciously or corruptly.'") (quoting *Stump v. Sparkman,* 435 U.S. 349, 356 (1978)) (unpublished); *Selger v. Felfam Ltd. P'ship*, No. 08-1466, 324 Fed. App'x 742, 743 (10th Cir. May 11, 2009) (unpublished) (holding that state-court judges are absolutely immune from suit, even where plaintiff asserted that the judges had animus towards her); *Lowery v. Utah,* No. 07-4028, 315 Fed. App'x 45, 45-47 (10th Cir. December 3, 2008) (unpublished) (upholding dismissal because the judge "is entitled to absolute judicial immunity from suit" where plaintiff alleged that the state-court judge committed unlawful misdeeds, mainly by not granting plaintiff's request for oral argument and by dismissing his case).[1]  "[J]udges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly" or "even if [their] exercise of authority is flawed by the commission of grave procedural errors." *Stump*, 435 U.S. at 355-56 (citation omitted); *Whitesel v. Sengenberger*, 222 F.3d 861, 867 (10th Cir. 2000). "Disagreement with the action taken by the judge, . . . does not justify depriving the judge

---

[1] The Supreme Court has also held that absolute judicial immunity was not affected or abolished "by § 1983, which makes liable 'every person' who under color of law deprives another person of his civil rights." *Pierson v. Ray*, 386 U.S. 547, 554 (1967).

of his immunity." *Stump*, 435 U.S. at 363.  In fact, even if a judge acts in error, with malicious intent or in excess of authority, that judge "does not act in the clear absence of all jurisdiction." *Whitesel*, 222 F.3d at 867.

The Supreme Court recognizes only two sets of circumstances where a judge's immunity does not protect him from suit.  "First, a judge is not immune from liability for nonjudicial acts, *i.e.*, actions not taken in the judge's judicial capacity.  Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (citations omitted).  In making their determinations, courts look at the "'functions [the immunity] protects and serves, not [at] the person to whom it attaches.'" *Forrester v. White*, 484 U.S. 219, 227 (1988).  "[W]hether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Stump*, 435 U.S. at 362.  The rationale behind the doctrine of judicial immunity is to protect judges from being "harassed and [having] their independence compromised by the threat of having to defend themselves against suits by disgruntled litigants'" *Green v. Seymour*, 59 F.3d 1073, 1078 (10th Cir. 1995) (quoting *Pulliam v. Allen*, 466 U.S. 522, 537-38 (1984)).  Absolute judicial immunity is complete immunity from suit and not just immunity from an award of damages.  *See Mireles*, 502 U.S. at 11 (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).

All of Barela's allegations against Judge Sanchez stem from Barela's legal dispute with Duhigg.  All acts of which Barela complains were performed by Judge Sanchez while he was presiding over, or ruling upon, Barela's motions and requests or performing administrative duties pertaining thereto.  Clearly, all actions were being taken in Judge Sanchez's judicial capacity and

with jurisdiction. Judge Sanchez is, therefore, absolutely immune from Barela's claims,[2] and they will be dismissed with prejudice.

To establish a cause of action under § 1983, a plaintiff must allege (1) the deprivation of a federal right by (2) a person acting under color of state law. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Duhigg is the only Defendant remaining at this point. Barela asserts that Duhigg was acting under color of state law and deprived him of a federal right. However, reviewing the Complaint as a whole and providing deference to Barela as a pro-se litigant, Barela has not provided sufficient facts to indicate, by any means, that Duhigg, a private attorney, was acting under color of state law. Duhigg was not hired by or employed by any governmental entity with regard to Barela's representation. Private attorneys are not state actors. *See, e.g., Segler,* 324 Fed. App'x at 743. Duhigg is not a proper Defendant under § 1983, and that action will be dismissed.

Barela also purports to bring claims under 42 U.S.C. § 1985. Unlike § 1983, a private party may be held liable under § 1985 if he conspired with a person acting under color of state law, even if the state actor is immune from suit. *See Norton v. Liddel*, 620 F.2d 1375, 1379 (10th Cir. 1980). The Supreme Court of the United States recognizes "five broad classes of conspiratorial activity" that § 1985 prohibits. *Kush v. Rutledge,* 460 U.S. 719, 724 (1983). "Three of the five broad categories . . . relate to institutions and processes of the Federal Government," *id.*, and are not applicable here, where Barela complains of actions pertaining to his state-court proceedings. Another category relates to conspiracies to "go in disguise on the highway or in the premises of another," *id.* at 725 (internal quotation marks omitted), again, not applicable here. The last category of § 1985 claims applies to conspiracies to "obstruct the course of justice in state courts." *Id.*

---

[2]*See Green*, 59 F.3d at 1077-1078 (judicial immunity found to apply where a litigant claimed that a judge was conspiring against him).

(internal quotation marks omitted). Only this last category might apply to the facts of this case.

>42 U.S.C. § 1985(2) prohibits
>
>"two or more persons [from] conspir[ing] for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws."

For a plaintiff to show an "intent to deprive their victims of the equal protections of the laws," *Kush*, 460 U.S. at 725, he must demonstrate some "racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspiratorial action," *id.* at 726 (internal quotation marks omitted). *See Campbell v. Amax Coal Co.*, 610 F.2d 701, 702 (10th Cir. 1979) ("[I]n the absence of allegations of class based or racial discriminatory animus, the complaint fails to state a claim under § 1985."). Moreover, he "must allege specific facts showing an agreement and concerted action amongst the defendants." *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 533 (10th Cir. 1998) (discussing conspiracy under § 1983). "[M]ere conclusory allegations with no supporting factual averments are insufficient; the pleadings must specifically present facts tending to show agreement and concerted action." *Sooner Prods. Co. v. McBride*, 708 F.2d 510, 512 (10th Cir. 1983) (discussing conspiracy under § 1983).

Here, Barela has presented no facts indicating a "racial, or perhaps otherwise class-based, invidiously discriminatory animus." *Campbell*, 610 F.2d at 702. His allegations are conclusory. Barela contends that he is being discriminated against because he has a disability and is proceeding pro se, but he does not articulate the type of disability he has or any other facts demonstrating any "class-based" animus. He has also not alleged any "specific facts showing an agreement and concerted action amongst the defendants." *Tonkovich*, 159 F.3d at 533. Barela fails to state a valid claim under §1985 and that claim will be dismissed.

Lastly, Barela claims that he was defrauded by the Defendants and sets forth in his Complaint the elements of fraud. *See* Complaint at 9. Barela does not, however, set forth any specific facts to support those elements. Barela has not indicated how each of the Defendants misrepresented any facts, of which they had knowledge of their falsity; that there was intent to deceive or induce reliance; or that there was any detrimental reliance by him on such misrepresentations. Barela does not set forth a claim of fraud upon which relief can be granted and his claim of fraud must be dismissed.[3]

Because Barela has not named a proper Defendant against which he can bring his § 1983 claim and has not provided sufficient facts to succeed on his § 1985 claims, the Court finds that his Complaint fails to state a valid claim that may be litigated in federal court. Due to the state court's and the judge's absolute immunities, the Court further finds that it would be futile for Barela to amend his Complaint. Accordingly, Barela's Complaint will be dismissed. As to his claims against the Defendants First Judicial District Court and Judge Daniel Sanchez, because they are entitled to sovereign and judicial immunity, respectively, the dismissal of the claims against them will be with prejudice. The claim against Defendant Duhigg, however, will be dismissed without prejudice.

### B. Appointment of Counsel

Plaintiff has filed a Motion for Appointment of Counsel (Doc. 5). His motion for appointment of counsel is short and simple. Plaintiff:

    1-Advises the court this is an exceptional case, and
    2-Requests the court appoint counsel.

Doc. 5.

---

[3] It is significant to note that, had Barela stated a valid claim for fraud, the Court would, nevertheless, not take supplemental jurisdiction over that state-law claim because all federal claims have been dismissed. *See Sawyer v. County of Creek*, 908 F.2d 663, 668 (10th Cir. 1990).

Generally, with the exception of some instances of indigence on the part of a civil plaintiff, appointment of counsel is available only in criminal cases. Plaintiff has not provided any statutory authority for his appointment of counsel. His case is being dismissed for failure to state a claim upon which relief can be granted; the motion for appointment of counsel is moot.

**THEREFORE,**

**IT IS HEREBY ORDERED** that Plaintiff's *Civil Rights Complaint Pursuant to 42 U.S.C. § 1983* (Doc. 2) is **DISMISSED** with prejudice as to the claims against Defendants First Judicial District Court and the Honorable Daniel Sanchez and without prejudice as to the claims against Defendant John Duhigg.

**IT IS FURTHER ORDERED** that Plaintiff's *Motion for Appointment of Counsel* (Doc. 5) is **DENIED** as moot.

_____
ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE